### WATSON v. CARTER.
#### 3 Div. 747.

Court of Appeals of Alabama.
May 14, 1935.

Warren S. Reese, Jr., of Montgomery, for appellant.

John B. Scott, of Montgomery, for appellee.

RICE, Judge.

Appellant, a member of the order, possessed an "endowment policy" of insurance issued to him by appellee "the Grand Lodge

Knights of Pythias, of Alabama, under the jurisdiction of the Supreme Lodge, Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia."

His suit is for damages occasioned by the claimed breach on the part of appellee with the high-sounding name, of the terms of this "contract of insurance."

The case was tried in a rather unusual manner. No questions were raised by rulings on the pleadings; nor by rulings on the taking of testimony.

Without objection, appellant was allowed to prove a "cash surrender value" of the policy in question; whether it, legally, had one, or not, we are not called upon in any way to say.

Our duties, as we understand, are to simply review any ruling made, due exception to which was reserved, and which is presented to us in the prescribed method.

Accordingly, we find ourselves called to do but a single thing; say whether or not exception was well taken to the following portion of the trial court's oral charge, viz.: "It is the law and the court so charges you that if there is a breach in this case all that the plaintiff could recover would be for the amount for which he did not receive insurance. In other words, if the defendant had been guilty of breaching a contract it would be its duty to pay him back every cent of money for the length of that breach and that would be $1.50 per month."

As the case was tried, all, as above indicated, in a manner by tacit consent, the quoted excerpt from the trial judge's oral charge was erroneous. In fact, we are not advised as to the principles upon which he conceived his theory.

The law would seem to be, assuming the facts in evidence were legally in evidence (about which we in no manner intimate an opinion), as follows, to wit: "The legal measure of such damages [for the breach by an insurer of a policy of life insurance, we interpolate] is the surrender or equitable value of the policy, calculated on the basis of the 'American Tables of Mortality.'" McDonnell v. Alabama Gold Life Insurance Co. 85 Ala. 401, 5 So. 120, 122. Of course, if the policy has no such "equitable or surrender value," there could be no recovery.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.